UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM BATTLE, JR.,

    Petitioner,

-vs-                                  Case No. 8:06-CV-1137-T-27TGW

JAMES McDONOUGH, et al.,

    Respondents.
_____/

### ORDER

Petitioner, a State of Florida inmate, initiated this cause of action *pro se* by filing a petition for federal habeas relief pursuant to 28 U.S.C. §2254 (Dkt. 1) and an affidavit of indigency seeking leave to proceed *in forma pauperis* (Dkt. 2). Petitioner is challenging convictions and sentences entered in 2004 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). Having undertaken a preliminary examination of the petition in accord with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (2006), the Court concludes that the petition is subject to dismissal without service on the Respondents.

### Discussion

Pursuant to a plea agreement, Petitioner pled guilty on February 9, 2004, to charges of possession of cocaine and possession of a firearm by a convicted felon. Petitioner was sentenced as an habitual felony offender to serve a term of 10 years in prison. He did not

file a timely notice of appeal. Petitioner's April 29, 2004 request to file a belated appeal was denied on July 29, 2004. *See Battle v. State*, Case No. 2D04-1890 (Fla. 2d DCA 2004).

Proceeding *pro se*, Petitioner filed a state application for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 raising the *Blakely v. Washington*[1] claim that he raises in the present petition. Petitioner's Rule 3.850 motion was denied. The appellate court denied Petitioner's motion for a rehearing of its decision affirming the rejection of his Rule 3.850 motion on May 26, 2006. The mandate issued on June 8, 2006. *See Battle v. State*, Case No. 2D06-325 (Fla. 2d DCA 2006).

The instant petition was filed on June 15, 2006, *see* Dkt. 1 at 7. The sole ground advanced in support of the request for federal habeas relief is "whether Petitioner's conviction and sentence [are] unconstitutional pursuant to *Blakely v. Washington*, . . . where the Petitioner did not admitted [sic] to being in actual or constructive possession of a firearm which enhanced his offense to a felony violated Petitioner's right under Sixth Amendment to trial by jury" (Dkt. 1, Attach. at 1). For reasons discussed below, this claim lacks merit.

According to Petitioner's sworn statements, *see* Dkt. 1 at 7, his convictions were entered on February 9, 2004 (Dkt. 1 at 2). Because he did not file a timely notice of appeal, Petitioner's convictions became final on March 10, 2004. *See* Fla R. App. P. 9.110(b); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988). Petitioner's request to file a belated appeal had no affect on the finality of his convictions and sentences. *See Moore v. Crosby*, 321 F.3d 1377, 1380-81 (11th Cir. 2003) (discussing the effect of a motion to file a belated appeal).

---

[1] 524 U.S. 296, 313-14 (2004) (reaffirming the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.").

In sum, Petitioner's convictions and sentences were final well before the Supreme Court entered its decision in *Blakely* on June 24, 2004, and the decision does not apply retroactively on collateral review. *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); In *re Dean*, 375 F.3d 1287, 1289 (11th Cir. 2004). Because Petitioner has failed to present a claim cognizable under 28 U.S.C. § 2254, the petition is subject to summary dismissal.

ACCORDINGLY, the Court **ORDERS** that:

1. The request to proceed *in forma pauperis* is **DENIED** (Dkt. 2).

2. The petition for federal habeas relief is **DENIED** (Dkt. 1).

3. The Clerk shall terminate any pending motions and close this case.

**ORDERED** in Tampa, Florida, on June 27th, 2006.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA/jsh

Copy furnished to:
Pro Se Petitioner

-3-